**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ARUN KUMAR, | ) | |
| Petitioner, | ) | |
| | ) | |
| | ) | |
| v. | ) | Civil A. No. 3:26-1176 |
| | ) | Judge Nora Barry Fischer |
| LEONARD ODDO, et al., | ) | |
| Respondents. | ) | |

**MEMORANDUM ORDER**

Petitioner, a native of India, is currently detained at Moshannon Valley Processing Center and initiated this § 2241 habeas proceeding on June 19, 2026. (Docket No. 1). After receiving briefing from the parties, on June 30, 2026, this Court issued a Memorandum Order and Judgment granting Petitioner's § 2241 habeas petition, in part, finding that he is not subject to mandatory detention under § 1225(b) and directing Respondents to provide him with an individualized bond hearing before a neutral immigration judge pursuant to § 1226(a). (Docket Nos. 9; 10). A bond hearing was held on July 7, 2026, at which time the IJ determined that Petitioner was a flight risk and denied his request for release on bond. (Docket No. 11-1). Petitioner reserved the right to appeal the decision denying bond to the Board of Immigration Appeals, and any appeal was due by August 7, 2026.[1] (*Id.*).

Presently before the Court are Petitioner's Emergency Motion to Enforce Court Order and for Immediate Release, (Docket No. 12), the Response filed by Respondents, (Docket No. 14), and

---

[1] The Court notes that the EOIR website indicates that an appeal was filed to the Board of Immigration Appeals on August 6, 2026. *See Grasinger v. Caterpillar, Inc.*, Civ. A. No. 21-956, 2023 WL 4846843, at *1 (W.D. Pa. July 28, 2023) (quoting *Johnson v. Allegheny Cnty.*, No. 2:14-CV-857, 2014 WL 5513769, at *2 n.2 (W.D. Pa. Oct. 31, 2014)) ("It is well established that "[t]his Court may properly take judicial notice of docket entries, documents, and opinions filed in other cases.").

Petitioner's Reply, (Docket No. 16). The parties have also provided the Court with a transcript of the bond hearing, the order of the IJ, and the exhibits presented to the IJ at the hearing. (Docket Nos. 12-1; 12-2).

Petitioner claims that the bond hearing he received did not comport with due process and this Court's prior Order. (Docket No. 12 at 3). Citing *Ghanem v. Warden Essex Cty. Corr. Facility*, No. 21-1908, 2022 WL 574624 (3d Cir. Feb. 25, 2022), Petitioner argues that the IJ did not conduct an individualized determination based upon the record and failed to allow Petitioner a meaningful opportunity to make arguments on his own behalf. (*Id.* at 1-4). As such, Petitioner requests his immediate release. (*Id.* at 4).

Respondents maintain that Petitioner received a fundamentally fair bond hearing as ordered and contend that Petitioner is "seeking to relitigate the immigration judge's weighing of the evidence and other factors surrounding the flight risk determination[.]" (Docket No. 14 at 3). After careful consideration of the parties' positions and for the following reasons, Petitioner's Motion (Docket No. 12) is denied.

At the outset, the Court's jurisdiction over Petitioner's Motion is limited. To that end, as noted in *Rodriguez v. Bondi et al.*, No. 3:26-cv-285, 2026 WL 1378874, at *1 (W.D. Pa. May 18, 2026) (Ranjan, J.),

> Federal courts "lack jurisdiction to review any discretionary determinations underlying the IJ's bond decision," and may only "review whether the bond hearing was fundamentally fair." *Ghanem v. Warden Essex Cnty. Corr. Facility*, No. 21-1908, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022); *see also Quinteros v. Warden Pike Cnty. Corr. Facility*, 784 F. App'x 75, 78 (3d Cir. 2019) ("Because we lack jurisdiction to review any discretionary determinations underlying the IJ's bond decision, we are limited to reviewing only those [ ] challenges that pertain to the adequacy of process [appellant] received at his bond hearing.").

> A Section 1226 bond hearing is fundamentally fair when three essential elements are present: (1) factfinding based on a record produced before the decisionmaker and disclosed to him or her; (2) the detainee must be allowed to make arguments on his or her behalf; and (3) the IJ makes an individualized determination of the detainee's interests. *Ghanem*, 2022 WL 574624 at *2; *see also Quinteros*, 784 F. App'x at 78.

*Rodriguez*, 2026 WL 1378874, at *1 (W.D. Pa. May 18, 2026). Ultimately, however, "[t]his Court lacks jurisdiction to re-weigh the IJ's determination on the merits." *Id*.

Upon review of the record, the Court has determined that the bond hearing afforded to Petitioner provided sufficient due process under the standards articulated above. *Ghanem*, 2022 WL 574624 at *2.

Petitioner alleges that the first *Ghanem* element was violated because the IJ's "central findings were not based on the disclosed record." (*See* Docket No. 12 at 2). An IJ, however, "need not discuss each and every piece of evidence . . . when rendering a decision, as long as that decision is substantially supported[.]" *Akbarov v. AG United States*, 629 F. App'x 309, 312 (3d Cir. 2015) (quoting *Yan Lan Wu v. Ashcroft*, 393 F.3d 418, 425 n.10 (3d Cir. 2005)). Here, the IJ specifically referenced several of Petitioner's exhibits, including the sponsor's statement, in both the written Order and the oral rulings at the hearing, and ultimately decided that Petitioner was a flight risk. (*See* Docket No. 12-1 at 3-4; Docket No. 12-2). Thus, because the IJ clearly tied his finding to the presented record, the first *Ghanem* element was not violated.

Next, Petitioner alleges that the did not adhere to the second *Ghanem* element because he was not afforded an opportunity to offer rebuttal argument or testimony. (*See* Docket No. 12 at 3; Docket No. 16 at 6-7).[2] Yet *Ghanem* only requires that the detainee "be allowed to make

[2] Petitioner states that he "does not ask the Court to invalidate the interpreter waiver." (*See* Docket No. 16 at 6). As such, the Court "deems this issue waived for the purposes of further relief related to the bond hearing." *See Peposhi v. Lowe*, No. 3:26cv912, 2026 WL 2126118, at *3 n.4 (M.D. Pa. July 23, 2026).

arguments on his or her own behalf[,]" *Ghanem*, 2022 WL 574624 at *2, not that the detainee be allowed to present endless rebuttal arguments. Here, based upon a review of the record, Petitioner was afforded a sufficient opportunity to present his arguments for release to the IJ. (*See* Docket No. 12-2). Although Petitioner disagrees with the IJ's stated reasoning, "[a] motion to enforce a judgment is not the proper avenue to relitigate the merits of a bond order." *Ghanem*, 2022 WL 574624, at *2. Rather, Petitioner can raise such arguments on appeal to the Board of Immigration Appeals.

The Executive Office of Immigration Review policy also provides: "[a]t the Immigration Judge's discretion, witnesses may be placed under oath and testimony taken. However, parties should be mindful that bond hearings are generally briefer and less formal than hearings in removal proceedings." Exec. Office of Immigration Review, Immigration Court Practice Manual, Part II, Chapter 8, Section 8.3(e)(6) (2026). As such, because the IJ's decision to require testimony is discretionary, the Court lacks jurisdiction to review this decision. *See Ghanem*, 2022 WL 574624, at *2.

Lastly, Petitioner alleges that the bond hearing was insufficient under the third *Ghanem* element because the IJ failed to make an individualized determination. (*See* Docket No. 12 at 3; Docket No. 16 at 7). When making an individualized determination, the "[m]echanistic reliance on factors that are common to all § 1226(a) detainees will not suffice" to satisfy due process. *See Mujica-Marquez v. Hoover,* No. 4:26-CV-00623, 2026 WL 1483740, at *4 (M.D. Pa. May 27, 2026) (citing *Santos v. Lowe*, No. 1:18-CV-1553, 2020 WL 4530728, at *3 (M.D. Pa. Aug. 6, 2020)). Rather, "[f]or a bond hearing to adequately provide an individualized determination, any evidence relied upon by an immigration judge must be individualized and support a finding that

continued detention is needed to prevent the detainee from fleeing or harming the community." *Id.*

Such mechanistic reliance did not occur here. Although the IJ partially relied on the fact that Petitioner entered the United States without inspection, a common factor for many § 1226(a) detainees, he primarily relied on Petitioner's lack of community ties, lack of family members in the United States, and lack of address continuity. (*See* Docket No. 12-1 at 3-4). In analyzing Petitioner's various addresses, the IJ also spent much of his oral decision discussing the weight he gave to the sponsor's affidavit. (*See* Docket No. 12-2 at 2-3 ("In essence, we have a friend swearing that he's going to live with him in Indiana at a particular address without any evidence that [Petitioner], despite being here for several years, has been tied in a documentary fashion to any of the addresses that he's listed or would list in the United States.")).[3] As such, because the IJ conducted an individualized review of Petitioner's circumstances, the third *Ghanem* element was not violated.

Having carefully considered the matter, the Court holds that Petitioner's bond hearing was conducted consistent with *Ghanem.* As the Court believes that Petitioner was provided with sufficient due process, his motion to enforce the bond hearing is denied.

For all of these reasons,

IT IS HEREBY ORDERED that Petitioner's Motion [12] is DENIED.

s/Nora Barry Fischer
Nora Barry Fischer
Senior U.S. District Judge

Dated: September 4, 2026

[3] To the extent that Petitioner takes issue with the IJ's weighing of evidence, such claims cannot be reviewed by this Court. *See Ghanem*, 2022 WL 574624, at *3 ("Lastly, Ghanem argues that the BIA did not conduct any individualized analysis of Ghanem's evidence. However, this amounts to an allegation of improper evidence weighing, and this is not within our authority to consider. Again, just because there are disagreements about the outcome of the bond hearing, this does not mean that the IJ violated due process in conducting the bond hearing.").

cc/ecf: counsel of record